# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>        Plaintiff,<br><br>   v.<br><br>EDMUND G. BROWN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:12-cv-00278-SKO PC<br><br>ORDER (1) DENYING MOTIONS FOR FREE COPIES, TO COMPEL, FOR SUMMONSES, FOR DISCOVERY, AND FOR A PRISON TRANSFER, (2) STRIKING VERIFICATION, AND (3) DISREGARDING INTERROGATORIES<br><br>(Docs. 5, 8, 9, 10) |

      Plaintiff Clarence Leon Dews, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 21, 2012. On March 28, 2012, Plaintiff filed a motion seeking copies because he is indigent. On April 6, 2012, Plaintiff filed (1) interrogatories and a motion to compel and (2) a "Verification Notice." On April 10, 2012, Plaintiff filed a motion seeking the issuance of summonses, discovery, and a transfer to a different prison.

      Plaintiff's motion for copies is denied. Assuming Plaintiff is granted leave to proceed in forma pauperis, the statute does not provide for free copies.[1] 28 U.S.C. § 1915; <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12 (9th Cir. 1989). Plaintiff may obtain copies at 50 cents per page from the Clerk's Office, and he is responsible for maintaining his own copies of documents he files in this case.

      Plaintiff's interrogatories are disregarded and his motion to compel is denied. Plaintiff is directed to paragraph 8 of the first informational order, filed on March 2, 2012, which directly addresses the filing of discovery requests with the Court and when discovery will be initiated. (Doc. 3, Order.)

---

[1] Plaintiff has not yet paid the filing fee or been granted leave to proceed in forma pauperis.

1

Plaintiff's "Verification Notice," which is not a recognizable filing, is stricken from the record.

Finally, Plaintiff's motion for summonses, discovery, and a prison transfer is denied. Plaintiff is directed to paragraphs 8 and 12 of the first informational order regarding discovery and service of process. Further, at this juncture, Plaintiff has neither paid the filing fee nor filed an application to proceed in forma pauperis. Until he does so, he is not entitled to proceed with his case. Assuming he cures this deficiency, he will not be entitled to any preliminary relief absent standing, Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), and a showing, supported by admissible evidence, that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365 (2008) (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for free copies, filed on March 28, 2012, is DENIED;
2. Plaintiff's interrogatories and motion to compel, filed on April 6, 2012, are DISREGARDED and DENIED, respectively;
3. Plaintiff's "Verification Notice," filed on April 6, 2012, is STRICKEN from the record; and
4. Plaintiff's motion seeking the issuance of summonses, discovery, and a transfer to a different prison, filed on April 10, 2012, is DENIED.

IT IS SO ORDERED.

**Dated:   April 13, 2012**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE