# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS, | CASE NO. 1:12-cv-00278-AWI-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS |
| v. | |
| EDMUND G. BROWN, et al., | |
| Defendants. | (Doc. 6) |
| | THIRTY-DAY DEADLINE |

**Screening Order**

**I.  Screening Requirement and Standard**

Plaintiff Clarence Leon Dews, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 21, 2012. On March 28, 2012, Plaintiff filed an amended complaint as a matter of right. Fed. R. Civ. P. 15(a).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Discussion

### A. Summary of Allegations

Plaintiff is currently incarcerated at Kern Valley State Prison. Plaintiff is fifty-five years old, wheelchair-bound, and has spent a total of forty years in prison. Plaintiff was most recently recommitted on November 17, 2010.

The precise bases for Plaintiff's claims, and against whom, are sufficiently unclear that Plaintiff's thirty-seven page amended complaint does not state any cognizable claims for relief. Based on issues mentioned by Plaintiff in his amended complaint, the Court will provide Plaintiff with the applicable legal standards and as much notice of the deficiencies as possible given the limitations of the pleading. In amending his complaint, Plaintiff should carefully review the sections which follow.

Additionally, Plaintiff is informed that he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R.

Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Improper joinder of claims is almost certainly an issue here, given that Plaintiff's allegations involve more than one prison, more than one incident or event, and a myriad of defendants holding diverse positions with the California Department of Corrections and Rehabilitation or with the State. Plaintiff may not pursue multiple, unrelated claims in one action, so in amending, he should consider which issues he wishes to pursue in this action. If Plaintiff's second amended complaint contains unrelated claims, the Court will dismiss the claims which are not properly joined.

### B. Legal Standards

#### 1. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were

1  deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S.
2  at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807,
3  812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152
4  F.3d 1124, 1128 (9th Cir. 1998).

5  Plaintiff addresses lack of medical care in his amended complaint and he alleges he has been
6  raped in prison. Plaintiff is entitled to adequate medical care in prison, Snow v. McDaniel, 681 F.3d
7  978, 985 (9th Cir. 2012), and he is entitled to protection from sexual abuse, Wood v. Beauclair, __
8  F.3d __, __, No. 10-35300, 2012 WL 3800215, at *3 (9th Cir. Sept. 4, 2012). For medical care
9  claims, Plaintiff must show that he had a serious medical need and he must show that one or more
10 of the defendants knowingly disregarded a substantial risk of harm to his health. Farmer, 511 U.S.
11 at 847. For abuse claims, Plaintiff must show a serious risk of harm - a showing unquestionably met
12 via an allegation of rape - and he must show that one or more of the defendants knowing disregarded
13 a substantial risk of harm to his safety. Id. The defendants may only be held liable under section
14 1983 if they were involved in the violation of his rights; Plaintiff must set forth specific facts linking
15 one or more of the named defendants to the violations at issue. Iqbal, 556 U.S. at 676-77, 129 S.Ct.
16 at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City
17 of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

18         **2.    Due Process**

19  The Due Process Clause protects Plaintiff against the deprivation of liberty without the
20 procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209,
21 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake.
22 Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state
23 law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more
24 adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under
25 state law, the existence of a liberty interest created by prison regulations is determined by focusing
26 on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515
27 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by
28 prison regulations are generally limited to freedom from restraint which imposes atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff appears to be complaining, in part, about the level and design of the prison within which he is housed. Plaintiff is informed that he does not have a protected liberty interest in being housed at a particular prison. Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976). To the extent Plaintiff is attempting to base a due process claim on other issues, he must allege facts demonstrating that existence of a protected liberty interest. Wilkinson, 545 U.S. at 221. Plaintiff must then allege facts demonstrating how, in depriving him of that protected liberty interest, prison officials denied him the procedural protections he was due. Id. at 224. Again, Plaintiff must link one or more named defendants to the alleged violation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

### 3.      **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

As previously stated, Plaintiff must allege facts linking one or more named defendants to adverse actions which were taken against him because of his engagement in protected conduct.

### 4.      **Americans With Disabilities Act Claim**

Finally, Plaintiff may be attempting to state an Americans with Disabilities Act (ADA) claim. Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303

5

F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

However, Plaintiff is cautioned that the treatment, or lack of treatment, concerning a medical condition does not provide a basis upon which to impose liability under the ADA. Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)); also Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005).

Further, Plaintiff may name the appropriate entity or state officials in their official capacities, but he may not name individual prison employees in their personal capacities. Shaughnessy v. Hawaii, No. 09-00569 JMS/BMK, 2010 WL 2573355, at *8 (D.Hawai'i Jun. 24, 2010); Anaya v. Campbell, No. CIV S-07-0029 GEB GGH P, 2009 WL 3763798, at *5-6 (E.D.Cal. Nov. 9, 2009); Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005). Individual liability is precluded under the ADA. Shaughnessy, 2010 WL 2573355, at *8; Anaya, 2009 WL 3763798, at *5-6; Roundtree, 2005 WL 3284405, at *5.

### III.   Conclusion and Order

In conclusion, Plaintiff's amended complaint fails to state a claim under section 1983 or under the ADA. The Court will provide Plaintiff with the opportunity to file a second amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George, 507 F.3d at 607.

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference

6

to the prior or superceded pleading," Local Rule 220.

   Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **November 19, 2012**       /s/ Sheila K. Oberto
                     UNITED STATES MAGISTRATE JUDGE