# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>    Plaintiff,<br><br>    v.<br><br>EDMUND G. BROWN, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:12-cv-00278-AWI-SKO PC<br><br>ORDER DENYING PETITION FOR<br>WRIT OF MANDAMUS<br><br>(Doc. 20) |

      Plaintiff Clarence Leon Dews, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 21, 2012. On November 16, 2012, Plaintiff filed what appears to be a petition for a writ of mandamus requiring prison officials at Kern Valley State Prison to assign his cellmate, inmate Drume, as his caretaker.

      The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). While a writ of mandamus may be issued under the All Writs Act, "[m]andamus is a 'drastic and extraordinary remedy reserved for really extraordinary causes.'" *Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010) (quoting *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380, 124 S.Ct. 2576, 2586 (2004)).

      Plaintiff's attempt to seek relief via a petition for writ of mandamus is misplaced. In addition to jurisdictional issues arising from Plaintiff's desire for a writ directed at state prison officials, *see Cheney*, 542 U.S. at 380, 124 S.Ct. at 2586 (section 1651(a) codified the common-law writ of mandamus against a lower court); *Demos v. U.S. Dist. Court for Eastern Dist. of Washington*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (no jurisdiction to issue writ to a state court), Plaintiff cannot

1  demonstrate (1) the absence of any other adequate means to attain relief and (2) a clear and
2  indisputable right to the issuance of the writ, *Cheney*, 542 U.S. at 380-81, 124 S.Ct. at 2587.
3       Plaintiff is challenging his conditions of confinement at Kern Valley State Prison in this civil
4  rights action.  At this juncture, he has not yet stated a cognizable claim for relief, but assuming he
5  will be able to do so in a second amended complaint, Plaintiff may be entitled to damages or,
6  depending on the nature of his legal claims, equitable relief.[1]  In no event is Plaintiff entitled to the
7  issuance of a writ of mandamus.
8       Accordingly, Plaintiff's petition is HEREBY ORDERED DENIED, with prejudice.

10  IT IS SO ORDERED.

11  Dated:  November 27, 2012
12       UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's amended complaint was dismissed with leave to amend on November 19, 2012.  28 U.S.C. § 1915A.  (Doc. 19.)

2