# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS, | CASE NO. 1:12-cv-00278-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| EDMUND G. BROWN, et al., | |
| Defendants. | (Doc. 22) |
| | THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Second Screening**

### I. Procedural History

Plaintiff Clarence Leon Dews, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 21, 2012. On March 28, 2012, Plaintiff filed an amended complaint as a matter of right, Fed. R. Civ. P. 15(a), and on November 19, 2012, the Court dismissed the amended complaint, with leave to amend, for failure to state any claims, 28 U.S.C. § 1915A. Plaintiff filed a second amended complaint on December 7, 2012. For the reasons which follow, the Court finds that the second amended complaint fails to state any claims and it recommends dismissal of this action, with prejudice.

### II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**III.     Discussion**

    **A.     Allegations**

Plaintiff, who is currently incarcerated at Kern Valley State Prison in Delano, California, brings this action against Warden Maurice Junious; Correctional Counselors F. Uriaz, D. Silva, A. Hurtado, B. Spriester, E. Moreno, and J. Faure; and Classification Services Representative D. Garcia for violating his rights while he was at North Kern State Prison, which is also located in Delano, California.

///

1  Plaintiff's allegations are vague and disjointed, but his myriad of legal claims appear to arise out of his transfer to a different institution despite his need for surgery. Plaintiff alleges that he is totally disabled, and his classification designation was changed from "high risk medical" to "totally disabled" on October 12, 2011. (Doc. 22, 2nd Amend. Comp., p. 3.) Plaintiff alleges very generally that he was deprived of medical and mental health care, and he was deprived of necessary shoulder surgery by virtue of his transfer out of North Kern State Prison.[1] (Id., p. 4.) Plaintiff alleges that he had injuries to his right shoulder, right arm, and back; his injuries were visible, including large amounts of pooled blood on his right side from internal bleeding; and he needed immediate surgery. (Id.)

**B.  Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff fails to state a claim under the Eighth Amendment arising out of the denial of medical or mental health care, or on any other ground. Plaintiff's second amended complaint is devoid of any facts which would support a claim that prison officials knowingly disregarded a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 837.

///

---

[1] The Court takes judicial notice of the facts that North Kern State Prison is a reception center and that Plaintiff was transferred to Kern Valley State Prison, which is in the same city.

3

### C. Equal Protection

Although Plaintiff alleges his right to equal protection was violated, his second amended complaint contains no facts which suggest he was treated differently than other similarly situated inmates or otherwise intentionally discriminated against. E.g., Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., __ F.3d __, __, No. 11-16008, 2013 WL 600215, at *6 (9th Cir. Feb. 19, 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).

### D. Due Process

Plaintiff also alleges unspecified, unsupported violations of due process. However, Plaintiff's second amended complaint sets forth no facts supporting a claim that he was deprived of a protected liberty or property interest without the procedural protections he was due under federal law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). To the extent Plaintiff's claim is based on his transfer out of North Kern State Prison, Plaintiff is not entitled to be incarcerated at a particular institution. Wilkinson, 545 U.S. at 221-22.

### E. Conspiracy

Plaintiff alleges the existence of unspecified conspiracies. However, Plaintiff has not shown the existence of an agreement or a meeting of the minds to violate his constitutional rights or an actual deprivation of any constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

## IV. Conclusion and Recommendation

Plaintiff's second amended complaint fails to state any claims for relief under the Eighth Amendment, under the Equal Protection and Due Process Clauses of the Fourteenth Amendment, or under any other constitutional amendment or other federal law. Plaintiff was previously notified of the deficiencies in his claims and given to leave to amend, but his second amended complaint remains deficient and the Court does not recommend that further leave to amend be granted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 12, 2013**                       /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE